IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: MIMEDX GROUP SECURITIES LITIGATION | : : |
| MIMEDX GROUP INC., | : : |
| Petitioner, | : : |
| v. | : Misc. Action No. 15-84-RGA |
| ORGANOGENESIS INC., | : : |
| Respondent. | : : |

**MEMORANDUM ORDER**

The Magistrate Judge has filed a Memorandum Order. (D.I. 13). Organogenesis objects. (D.I. 14). MiMedx responds. (D.I. 16). The matter is now before this Court.

The Magistrate Judge had authority to make the decision pursuant to 28 U.S.C. § 636(b)(1)(A), which provides that "a [district] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court [other than certain specified matters including injunctive relief, judgment on the pleadings, summary judgment, class action status, Rule 12(b)(6) motions, an involuntary dismissal]." Such a designation was made. (D.I. 8). The decision is subject to review pursuant to 28 U.S.C. § 636(b)(1)(A), which further provides that the district judge "may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."

Thus, findings of fact are reviewed for clear error. Review of the factual determinations

is limited to the record that was before the magistrate judge. Determinations of applicable legal standards are reviewed for error. There are also decisions that involve the exercise of discretion, and discretionary decisions are reviewed for abuse of discretion.

In this case, the Magistrate Judge granted MiMedx's motion to compel. To do so was not an abuse of discretion. The discovery sought is relevant information. The Magistrate Judge applied the correct standard. The discovery (particularly as limited below) is limited in time and scope. There is little burden on Organogenesis to produce the requested materials. In order to make sure that the discovery does seek only relevant information, I will modify the scope of the requested discovery. I do think there is some merit in one point that Organogenesis makes. (*See* D.I. 14, p.10 n.7). I further note that MiMedx does not respond to the point.

Thus, this 18 day of August 2015, the Objections (D.I. 14) are **OVERRULED.** The motion to compel (D.I. 1) is **GRANTED** as to Requests 11, 12, 14, and 15, but not as to Requests 13 and 16. I understand the "Injectable Products" to refer only to the "AmnioFix Injectable" and "EpiFix Injectable" products. Further, Requests 11, 12, 14, and 15 are specifically limited to the time period from December 4, 2012, to August 4, 2013. No costs or fees are granted to MiMedx.

United States District Judge